## ROGER W. HALE *vs.* E. PULVER COOK, INC.

### FEBRUARY 6, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is an action of assumpsit for breach of a contract of employment. It was tried by a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. The defendant thereupon filed a motion for a new trial, which was heard and denied by the trial justice. The defendant duly excepted to this ruling and, on this exception, together with other exceptions which it took during the course of the trial, it has duly prosecuted its bill of exceptions to this court.

The controversy between the parties grows out of a certain contract of employment of the plaintiff by the defendant in the form of a letter from the defendant to the plaintiff which was modified or superseded by an oral agreement of June 1, 1933. There is no dispute about the written agreement. That was dated March 29, 1933, and was to remain effective for one year. It provided for the employment of the plaintiff as "head of our department of sales of Commercial Refrigeration Equipment" on a com-

mission basis. The plaintiff went to work under the contract on March 29, 1933, and continued working thereunder until June 1, 1933, when the parties orally agreed that, from that time on, plaintiff's compensation, instead of being solely on a commission basis, should be $50 per week, and traveling expenses of the amount of $15 per week, plus a commission of two per cent. on his sales in said department. Under the original contract, commissions ranged from five per cent. to fifteen per cent. The plaintiff worked under this new arrangement until October 28, 1933, when he was discharged with a final salary payment as of November 11, 1933. Thus the plaintiff was deprived of the benefit of his contract for a period of approximately five months, according to his contention.

The effect of this oral agreement upon the original written contract is the real matter in dispute between the parties. The defendant contends it was a new contract which took the place of the original agreement and was not for the unexpired term of the original agreement, but only from week to week. The plaintiff, on the other hand, insists that the oral agreement was nothing more than a modification of the terms of compensation of the original agreement which otherwise remained in effect. On the issue as presented, a question of fact was clearly raised.

At the conclusion of the evidence, the defendant moved for a directed verdict in its favor, which motion was denied by the trial justice, and the defendant excepted to the decision. There is no merit in this exception. The evidence as we view it was clearly conflicting and the trial justice could not fairly have ruled that, upon any reasonable view of the evidence, the plaintiff could not recover. Unless the trial justice could so rule, it was his duty under our well-established practice to deny the motion and submit the case to the jury. Saunders v. Kenyon, 52 R. I. 221.

The defendant contends further that the verdict of the jury was against the law and the evidence and the weight thereof, and presses his exception to the refusal of the trial

justice to grant his motion for a new trial on these grounds. Neither in his brief nor in argument does the defendant clearly point out wherein the jury failed to follow the law as laid down by the court or to state wherein they have failed in weighing the evidence. Their verdict has been approved by the trial justice, who states in his rescript that "there is ample credible evidence which would justify a jury finding for either party." The jury chose to believe and credit the evidence of the plaintiff; and that was within their province. Unless the record shows that the evidence clearly fails to support the verdict, we shall not disturb it.

After a careful examination of the record, we find nothing that would justify such action on our part. In our opinion the trial justice did not err in denying defendant's motion for a new trial, and defendant's exception thereto is without merit.

The defendant's bill of exceptions contains a further exception, to the ruling of the trial justice excluding certain written evidence offered by him, but, inasmuch as it was not briefed or argued, it must be deemed waived.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Atwood, Remington, Thomas & Levy, Arthur J. Levy,* for plaintiff.

*Joseph E. Fitzpatrick, Mortimer W. Newton,* for defendant.